MASSACHUSETTS MUNICIPAL WHOLESALE ELECTRIC COMPANY *vs.* TOWN OF DANVERS. July 24, 1995. *Practice, Civil,* Summary judgment. *Electric Company. Public Utilities,* Electric company, Sale of electric power.

We granted further appellate review of the Appeals Court's decision, pursuant to rule 1:28, see 37 Mass. App. Ct. 1106 (1994), reversing the Superior Court's allowance of the Massachusetts Municipal Wholesale Electric Company's (MMWEC) motions for summary judgment on counts of promissory estoppel and breach of material representations. We conclude that summary judgment was proper.

"[A] party moving for summary judgment in a case in which the opposing party will have the burden of proof at trial is entitled to summary judgment if he demonstrates, by reference to material described in Mass. R. Civ. P. 56 (c), [365 Mass. 824 (1974),] unmet by countervailing materials, that the party opposing the motion has no reasonable expectation of proving an essential element of that party's case. . . . That showing having been made, the plaintiff was required to respond by 'set[ting] forth specific facts showing that there is a genuine issue for trial.' Mass. R. Civ. P. 56 (e)." *Kourouvacilis* v. *General Motors Corp.*, 410 Mass. 706, 716 (1991).

Hudson Light and Power Department and Peabody Municipal Light Plant[1] (the municipalities) claim that they were induced to purchase power through MMWEC based on MMWEC's promises and representations that it would enter into and enforce a sellback agreement with the Public Service Company of New Hampshire (PSNH).[2] MMWEC and PSNH entered such an agreement (the sellback agreement), but they expressly retained the right to modify it. Financial difficulties and disputes led to litigation between MMWEC and PSNH, including PSNH's filing for bankruptcy protection, which resulted in a settlement under which MMWEC released PSNH from its obligations under the sellback agreement. See *Public Serv. Co. of N.H.* v. *Hudson Light & Power Dep't*, 938 F.2d 338, 339 (1st Cir. 1991). The municipalities argue that they are entitled to damages for MMWEC's failure to abide by its promises and representations by waiving the sellback agreement. We do not agree.

In their counterclaim and affidavits, the municipalities offered no proof of a promise or representation by MMWEC that MMWEC would assume the risk in the event that enforcement of the sellback rights became impossible.[3] See *Massachusetts Mun. Wholesale Elec. Co.* v. *Danvers*, 411 Mass. 39, 51 (1991). See also *Public Serv. Co. of N.H.*, *supra* at 345. At most, all that could have reasonably been relied on from MMWEC's alleged promises and representations was that MMWEC would enforce the sellback agreement as long as it could. MMWEC did this. At the time MMWEC released PSNH from the sellback agreement, MMWEC could no longer enforce the agreement in view of PSNH's pending bankruptcy. We conclude that the claims cannot survive MMWEC's motions for summary judgment. The decision of the Superior Court judge granting MMWEC's motions for summary judgment is affirmed.

*So ordered.*

*Gerald J. Caruso* (*Nicholas J. Scobbo, Jr., & Ann Ryan-Small* with him) for the plaintiff.

*Richard M. Perlmutter* (*Jonathan W. Blodgett* with him) for Peabody Municipal Light Plant.

---

[1]Hudson Light and Power Department and Peabody Municipal Light Plant, along with MMWEC, are the only remaining parties in this case.

[2]Under such an agreement, PSNH would agree to repurchase from the municipalities a specified amount of the power at the municipalities' cost.

[3]The agreements under which the power sales took place are structured to protect bondholders who financed the power plant by placing risks on the purchasers, who are called participants. See *Massachusetts Mun. Wholesale Elec. Co.* v. *Danvers*, 411 Mass. 39, 42-43, 49-51 (1991); *Public Serv. Co. of N.H.*, *supra* at 345. "It is not likely that the parties intended to isolate one specific risk . . . and place it on MMWEC, while allocating the rest of the risks to the participants. In the absence of any clear provision to the contrary, it is reasonable to assume that the parties intended to allocate [all] risk[s] to the participants." *Danvers*, *supra* at 51.

*Roy P. Giarrusso & Nathan S. Paven,* for Hudson Light and Power Department, were present but did not argue.